Artis-Ray: Cash, Jr.
453 South Spring Street
Suite 400 PMB 1211
Los Angeles, CA 90013
(831) 346-2562
artiscashjr@yahoo.com

Plaintiff in Pro Per

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTIS-RAY: CASH JR., <br><br> Plaintiff, <br><br> vs. <br><br> HOUSING AUTHORITY OF THE CITY OF LOS ANGELES (HACLA), and DOES 1 through 20, inclusive, <br><br> Defendants. | CASE NO.: <br><br> 2:25cv00962-WLH-(DFMx) <br><br><br> **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |

Artis-Ray: Cash Jr., ("Plaintiff"), by and through pro se, files this Complaint against Defendant HOUSING AUTHORITY OF THE CITY OF LOS ANGELES (HACLA) ("Defendant"), and DOES 1 through 20, inclusive ("Defendant"), and alleges as follows:

**INTRODUCTION**

1. This action arises from a data breach affecting Plaintiff and other individuals whose personal information was compromised due to Defendant HACLA's failure to implement adequate security measures.

2. HACLA collects and stores sensitive personal information, including Social Security numbers, financial data, and medical information. Plaintiff and other affected individuals

1
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

entrusted HACLA with this information under the expectation that it would be securely maintained.

3. On or about December 31, 2022, HACLA discovered that its systems had been breached, exposing Plaintiff's personal information to unauthorized parties. Despite the severity of the breach, HACLA failed to take timely and adequate measures to mitigate the damage or inform affected individuals promptly.

4. As a direct and proximate result of HACLA's negligent handling of personal data, Plaintiff has suffered emotional distress, financial harm, and an increased risk of identity theft.

5. Through this Complaint, Plaintiff seeks damages, injunctive relief, and other appropriate remedies to address HACLA's misconduct and prevent future harm to similarly situated individuals.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction under 28 U.S.C. § 1332 as the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. The Court also has supplemental jurisdiction over state law claims under 28 U.S.C. § 1367.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 as the events giving rise to this claim occurred in this judicial district, and Defendant HACLA operates and conducts business within this jurisdiction.

**PARTIES**

8. Plaintiff Artis-Ray: Cash Jr. is a natural person residing in Los Angeles, California, who was affected by the data breach at HACLA and suffered damages as a result.

9. Defendant Housing Authority of the City of Los Angeles (HACLA) is a public entity headquartered in Los Angeles, California, and is responsible for the maintenance and security of personal information of its clients and applicants.

## FACTUAL ALLEGATIONS

10. On or about March 10, 2023, Plaintiff received a notification from HACLA regarding a data breach that had occurred, affecting sensitive personal information.

11. The breach, which HACLA discovered on December 31, 2022, involved unauthorized access to HACLA's servers from January 15, 2022, through December 31, 2022, during which hackers obtained personal identifiable information (PII) including Social Security numbers, dates of birth, government-issued identification numbers, and financial account details.

12. HACLA failed to implement reasonable cybersecurity measures, detect the breach in a timely manner, or provide sufficient safeguards to protect Plaintiff and other individuals whose data was compromised.

13. As a direct and proximate result of HACLA's negligence, Plaintiff has experienced emotional distress, anxiety, increased spam and phishing attempts, and must now take ongoing measures to protect against identity theft.

## CAUSES OF ACTION

## COUNT I - NEGLIGENCE

3
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

14. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

15. HACLA had a duty to implement and maintain reasonable security measures to protect Plaintiff's personal information from unauthorized access.

16. HACLA breached that duty by failing to properly secure its servers, detect the breach in a timely manner, and notify affected individuals promptly.

17. As a direct and proximate result, Plaintiff has suffered damages including emotional distress, time spent monitoring credit reports, and potential financial harm.

## COUNT II - INVASION OF PRIVACY

18. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

19. The unauthorized access and exposure of Plaintiff's personal data constitutes an invasion of privacy under California law.

20. Plaintiff has suffered emotional distress and fear of future identity theft due to this invasion.

## COUNT III - VIOLATION OF CALIFORNIA CONSUMER PRIVACY ACT (CCPA)

21. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

22. HACLA is a business subject to the CCPA and had a legal obligation to implement adequate security measures to protect personal data.

23. By failing to prevent the breach and failing to notify affected individuals promptly, HACLA violated the CCPA, entitling Plaintiff to damages under California Civil Code § 1798.150.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**COUNT IV - VIOLATION OF CALIFORNIA CONFIDENTIALITY OF MEDICAL INFORMATION ACT (CMIA) CAL. CIV. CODE SECTION 56, et seq.**

24. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

25. HACLA had a duty under the CMIA to protect the confidentiality of Plaintiff's medical information and failed to do so, resulting in unlawful disclosure.

26. As a direct result, Plaintiff suffered emotional distress and potential harm from exposure of medical data.

**COUNT V - VIOLATION OF THE CALIFORNIA CUSTOMER RECORDS ACT (CCRA), CAL. CIV. CODE SECTION 1798.80, et seq.**

27. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

28. HACLA failed to protect Plaintiff's personal information as required under the CCRA, leading to unauthorized access and disclosure.

29. Plaintiff suffered damages including financial monitoring expenses and emotional distress as a result of HACLA's failure to comply with the CCRA.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. Compensatory damages in an amount to be determined at trial;

B. Statutory damages as permitted by law, including under the CCPA and CMIA;

C. Punitive damages to deter future misconduct;

D. Injunctive relief requiring HACLA to improve its security measures;

E. Restitution and disgorgement for unjust enrichment;

F. Reasonable attorney's fees and costs;

G. Any further relief the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues triable by jury.

Respectfully submitted,

Dated: 02/04/2025

By: _/s/ Artis Ray Cash Jr._

**Artis-Ray: Cash Jr.,**

**Plaintiff In Pro Per**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date: 02/04/2025

*/s/ Artis-Ray Cash Jr.*

Artis-Ray: Cash Jr.

Plaintiff in Pro Per

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF